UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MONTGOMERY BLAIR SIBLEY,**<br><br>Plaintiff,<br><br>v.<br><br>**BARACK OBAMA, et al.,**<br><br>Defendants. | Civil Action No. 11-cv-00919 (JDB) |

## MEMORANDUM OPINION AND ORDER

      Before the Court is plaintiff Montgomery Blair Sibley's motion to temporarily restrain Vincent Gray, Mayor of the District of Columbia, and the District of Columbia Department of Health from requiring him to execute an affidavit acknowledging the federal criminal laws regarding marijuana for purposes of his application to grow and dispense medical marijuana in the District of Columbia.[1]  Specifically, plaintiff contends that defendants "are violating [his] Fifth Amendment" privilege against self-incrimination "by requiring [him] to execute an affidavit" recognizing that federal law criminalizes marijuana growth, distribution, and possession, and that the "District's medical marijuana program" does not preempt federal law in that regard.  Pl.'s Mot. for TRO [Docket Entry 31] at 3-4.  Because plaintiff has not identified how acknowledging the content of federal law is self-incriminating, or how he is being compelled to make a statement, plaintiff fails to establish a substantial likelihood of success on

---

[1] Plaintiff's underlying complaint also names Barack Obama and Eric Holder, Jr., as defendants.  See First Am. Compl.  In his complaint, plaintiff asserts, in addition to the claim at issue here, that the federal criminal laws governing marijuana are unconstitutional and that they do not apply in the District of Columbia.

the merits of his claim. Accordingly, the Court will deny his motion for a temporary restraining order.

## BACKGROUND

The District of Columbia is in the process of starting a medical marijuana program. See D.C. Code § 7-1671.01, *et seq.* (2011); Emergency and Fourth Proposed Rulemaking to Implement the Legalization of Marijuana for Medical Treatment Initiative of 1999, Rule 22-C100, D.C. Reg. Vol. 58, No. 32 (Aug. 12, 2011) ("Medical Marijuana Rulemaking"). Plaintiff has "publicly expressed his intent . . . to become a licensed medical marijuana cultivator" and to operate a dispensary under that program. First Am. Compl. ¶ 4. In order to become licensed to do so, however, District regulations require defendant "to execute an affidavit" recognizing that "'[g]rowing, distributing, and possessing marijuana in any capacity . . . is a violation of federal laws'" and that the "'law authorizing the District's medical marijuana program will not excuse any registrant from any violation of the federal laws governing marijuana.'" Pl.'s Mot. for TRO at 3-4 (quoting Medical Marijuana Rulemaking § 5404.6). In his motion for a temporary restraining order, plaintiff contends that such a requirement violates his Fifth Amendment privilege against self-incrimination. See id. at 3-4.

## STANDARD OF REVIEW

A temporary restraining order is an extraordinary remedy, one that should be granted only when the moving party, by a clear showing, carries the burden of persuasion. See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997); see also Munaf v. Geren, 128 S. Ct. 2207, 2219 (2008). To obtain a temporary restraining order, the moving party must demonstrate: (1) a substantial likelihood of success on the merits; (2) that the moving party would suffer irreparable injury if the temporary restraining order were not granted; (3) that such an order would not substantially

injure other interested parties; and (4) that such an order furthers the public interest.  See Chaplaincy of Full Gospel Churches v. England, 454 F.3d 290, 297 (D.C. Cir. 2006) (citing Mova Pharm. Corp. v. Shalala, 140 F.3d 1060, 1066 (D.C. Cir. 1998)).

A district court facing a motion for a temporary restraining order must "'balance the strengths of the requesting party's arguments in each of the four required areas.'"  Chaplaincy of Full Gospel Churches, 454 F.3d at 297 (quoting CityFed Fin. Corp. v. Office of Thrift Supervision, 58 F.3d 738, 747 (D.C. Cir. 1995)).  Despite this flexibility, "a party seeking a [temporary restraining order] must demonstrate . . . a likelihood of success on the merits."  Munaf, 128 S. Ct. at 2219 (internal quotation marks omitted).

## DISCUSSION

This Court will deny plaintiff's motion for a temporary restraining order because he does not have a substantial likelihood of success on the merits of his claim.  As plaintiff recognizes, the privilege against self-incrimination protects individuals from "'be[ing] compelled to . . . give testimony which might tend to show that he himself had committed a crime.'"  Pl.'s Mot. for TRO at 6 (quoting Lefkowitz v. Turley, 414 U.S. 70, 77 (1973)).  Nevertheless, plaintiff fails to explain why executing an affidavit acknowledging the content of federal law is incriminating.  Moreover, plaintiff does not suggest that he is "compelled" to execute the affidavit at issue.

Plaintiff contends that the District violates his right against self-incrimination solely because it requires that he acknowledge under oath that "'[g]rowing, distributing, and possessing marijuana in any capacity . . . is a violation of federal laws'" and that the "'law authorizing the District's medical marijuana program will not excuse any registrant from any violation of the federal laws governing marijuana.'"  Id. at 4 (quoting Medical Marijuana Rulemaking § 5404.6).

He argues that this requirement violates his privilege against self-incrimination because by making that statement he "waive[s] (i) [any claim that] there has been a repeal by implication of the federal Controlled Substances Act [or] (ii) . . . an affirmative defense of entrapment."  Pl.'s Mot. for TRO at 4.  Plaintiff cites no authority for his contention that acknowledging the content of a law thereby waives defenses such as entrapment or the invalidity of a statute.  Even if such acknowledgment constituted a waiver, however, it is not clear why the waiver of a defense implicates the privilege against self-incrimination.  Waiving a defense does not "'tend to show that [an individual] ha[s] committed a crime.'"  Pl.'s Mot. for TRO at 6 (quoting Lefkowitz, 414 U.S. at 77).

More fundamentally, the Supreme Court has squarely rejected self-incrimination claims when individuals are not in some way "compelled" to make self-incriminating statements.  See Selective Serv. Sys. v. Minnesota Pub. Interest Research Grp., 468 U.S. 841, 856-58 (1984).  In Selective Serv. Sys., the Court denied a claim invoking the privilege against self-incrimination by individuals who sought federal educational aid despite having failed to register for the draft.  The Court explained that the application's requirement that an individual disclose his failure to register for the draft – a criminal offense – did not violate the privilege against self-incrimination because an individual "clearly is under no compulsion to seek financial aid."  Id. at 857.  So too, plaintiff here is clearly "under no compulsion to seek" a permit to grow and sell medical marijuana.  Although plaintiff relies extensively on Leary v. United States, 395 U.S. 6, 16 (1969), that case addresses a situation, unlike here, where the defendant was actually compelled— he faced criminal charges for failure "to identify himself" as a drug purchaser under the relevant tax statute.  Nothing in the District's medical marijuana laws requires plaintiff to apply to be a

cultivator or to run a dispensary.  Simply put, plaintiff need not seek to participate in the District's budding medical marijuana industry.

## CONCLUSION

For the reasons explained above, the Court will deny plaintiff's motion for a temporary restraining order.  Plaintiff simply has not demonstrated that he is likely to succeed on the merits of his claim, a requirement for the extraordinary relief he seeks.

Accordingly, it is hereby

**ORDERED** that [31] plaintiff's motion for a temporary restraining order is **DENIED**.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: September 16, 2011