UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MONTGOMERY BLAIR SIBLEY,

    Plaintiff,

        v.

BARACK OBAMA, et al.,

    Defendants.

Civil Action No. 11-919 (JDB)

## MEMORANDUM OPINION

    Plaintiff is a prospective participant in the District of Columbia's nascent medical marijuana program. Plaintiff asserts claims against defendants President Barack Obama and Attorney General Eric H. Holder, Jr. regarding the Department of Justice's criminal prosecution of medical marijuana distributors and President Obama's campaign statements regarding the treatment of medical marijuana by his administration. Plaintiff seeks injunctive enforcement of President Obama's alleged promise not to enforce the Controlled Substances Act with respect to medical marijuana; review of the constitutionality of the CSA; and a declaratory judgment that Congress has amended the CSA by implication in its purported approval of the District's program. Plaintiff has also sued Vincent Gray, the District's Mayor, and the District's Department of Health. Plaintiff challenges the constitutionality of medical marijuana program rules that allegedly require him to incriminate himself under the CSA.

    Now pending before the Court are several motions filed by plaintiff and motions to dismiss filed by both the federal government defendants and the District defendants. The plaintiff has filed a motion for a preliminary injunction to enjoin the federal government from

1

enforcing the CSA, a motion for a preliminary injunction to prevent the District from enforcing the medical marijuana program rules, two motions regarding the assignment of a judge of this Court to this matter, and three motions regarding the Clerk of the Court.  The Court has previously denied plaintiff's motion to temporarily restrain the District defendants from enforcing the medical marijuana program rules.  See Mem. Op. and Order (Sept. 16, 2011) [Docket Entry 35].  For the reasons described below, the Court will deny plaintiff's motions, with the exception of plaintiff's motion for an order directing the Clerk to correct Docket Entry 36, which the Court will grant.  The Court will also grant the federal defendants' motion to dismiss, and defendants Obama and Holder will be dismissed from this case.  The District defendants' motion to dismiss remains before the Court.

## I.  BACKGROUND

The District of Columbia is in the process of starting a medical marijuana program.  See D.C. Code §§ 7-1671.01-.13 (2011); Emergency and Fourth Proposed Rulemaking to Implement the Legalization of Marijuana for Medical Treatment Initiative of 1999, Rule 22-C100, D.C. Reg. Vol. 58, No. 32 (Aug. 12, 2011).  Plaintiff has "publicly expressed his intent . . . to become a licensed medical marijuana cultivator" and to operate a dispensary under that program.  First Am. Compl. at 3.  The Controlled Substances Act, 21 U.S.C. §§ 801-846 (2006), provides criminal penalties for manufacturing, distributing, or possessing with intent to manufacture, distribute, or dispense any controlled substance and lists marihuana as a "Schedule I" controlled substance.  21 U.S.C. § 812, 841 (2006).  In order to receive a license to cultivate medical marijuana, District regulations require defendant to sign an acknowledgment and attestation recognizing that "[g]rowing, distributing, and possessing marijuana in any capacity . . . is a violation of federal laws" and that the "law authorizing the District's medical marijuana program

will not excuse any registrant from any violation of the federal laws governing marijuana." First Am. Compl., Exh. E.

## II.  CLAIMS AGAINST FEDERAL DEFENDANTS

Although plaintiff provides various bases for his claims against defendants Obama and Holder, including promissory estoppel, federal law and the Constitution, his claims against the federal defendants all concern the potential for federal criminal prosecution against him for violations of the CSA.  The federal defendants argue that plaintiff lacks standing to pursue his claims because the harm he could suffer (prosecution under the CSA) is speculative in nature.

Before this Court may entertain the merits of his claims, plaintiff, as the party invoking federal jurisdiction, must establish that he has the requisite standing to sue.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). To establish the "irreducible constitutional minimum of standing," a plaintiff must allege (1) an "injury in fact" which is "(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) "a causal connection between the injury and the conduct complained of"; and (3) a likelihood "that the injury will be redressed by a favorable decision." Id. (internal quotation marks and citations omitted).

A motion to dismiss for lack of standing constitutes a motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure because "the defect of standing is a defect in subject matter jurisdiction." Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987).  "[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Leatherman v. Tarrant Cnty. Narcotics and Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591

F.2d 966, 968 (D.C. Cir. 1979).  In other words, the factual allegations in the plaintiff's complaint must be presumed true, and the plaintiff must be given every favorable inference that may be drawn from the allegations of fact.  <u>Scheuer</u>, 416 U.S. at 236; <u>Sparrow v. United Air Lines, Inc.</u>, 216 F.3d 1111, 1113 (D.C. Cir. 2000).  At the same time, however, the Court need not accept as true "a legal conclusion couched as a factual allegation," nor need it accept inferences that are unsupported by the facts set forth in the complaint.  <u>Trudeau v. Fed. Trade Comm'n</u>, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)).

With respect to his constitutional challenge to the CSA, plaintiff cites the Commerce Clause, Article I, Section 8, Article III, Section 3, the Ninth Amendment, and the Tenth Amendment, but not the First Amendment.  <u>See</u> First Am. Compl. at 1-2.  Therefore, plaintiff presents a "non-First Amendment preenforcement challenge to a criminal statute that has not reached the court through agency proceedings."  <u>Seegars v. Gonzales</u>, 396 F.3d 1248, 1254 (D.C. Cir. 2005).  Accordingly, the Court must "faithfully apply the analysis articulated by <u>Navegar, Inc. v. United States</u>, 103 F.3d 994 (D.C. Cir. 1997)."  <u>Seegars</u>, 396 F.3d at 1254.  "Even when the criminal statute that a litigant challenges has not yet been enforced against her, the challenger's claim may be justiciable if the challenger can demonstrate that she faces a threat of prosecution under the statute which is credible and immediate, and not merely abstract or speculative.  In the proper circumstances, such threats of enforcement can . . . give the threatened party standing."  <u>Navegar</u>, 103 F.3d at 998.  Nonetheless, the Court must "determine whether the plaintiff's decision to forego certain activity is truly motivated by a well-founded fear that engaging in the activity will lead to prosecution under the challenged statute."  <u>Id.</u> at 999.  "For preenforcement challenges to a criminal statute not burdening expressive rights and not in the

form of appeal from an agency decision, [Navegar] appears to demand more than a credible statement by the plaintiff of intent to commit violative acts and a conventional background expectation that the government will enforce the law."  Seegars, 396 F.3d at 1253.

Here, plaintiff has failed to allege facts indicating an actual or imminent injury. He indicates that he has taken various steps to become a purveyor of medical marijuana, including filing a "Letter of Intent" with the District, leasing property for the purpose of growing and/or dispensing marijuana, organizing with others for a license to grow medical marijuana, and forming a company to cultivate and dispense medical marijuana and advise others on cultivating and dispensing medical marijuana.  See First Am. Compl. at 3, 10.  He also asserts that he "has hanging over his head the threat of criminal prosecution" under the CSA and "potentially faces federal criminal prosecution for those actions and, in futuro, federal criminal prosecution." Id. at 11.  Furthermore, plaintiff cites a memorandum from Deputy Attorney General James Cole indicating that "[s]tate laws or local ordinances are not a defense to civil or criminal enforcement of federal law with respect to such conduct, including enforcement of the CSA."  Pl.'s Reply to Def.'s Opp'n to Pl.'s First Mot. for Prelim. Inj. [Docket Entry 16] at 2-3.  Plaintiff argues that this is a "plain threat" to prosecute purveyors of medical marijuana and notes cases in which others have been prosecuted for distributing marijuana.  Id. at 6-7.  Furthermore, plaintiff argues that "Defendants have given neither Plaintiff nor this Court any assurance that the CSA will not be enforced against those in compliance with the D.C. Medical Marijuana Act – indeed, given the threatening language of the Cole Memorandum, just the opposite can be assumed."  Pl.'s Opp'n to Def.'s Mot. to Dismiss [Docket Entry 19] at 18.

These assertions fall short of the demonstration required under Navegar that plaintiff "faces a threat of prosecution under the statute which is credible and immediate, and not merely

abstract or speculative." Navegar, 103 F.3d at 998. Plaintiff has not supported his claim of feared prosecution with alleged facts suggesting he is credibly threatened with immediate prosecution. Indeed, plaintiff's assertion that he has the threat of criminal prosecution "hanging over his head" rings of speculation and is not specific to him. Likewise, regardless of how one characterizes the Cole Memorandum, it contains no language indicating a specific threat or high probability of enforcement against plaintiff in particular. See Seegars, 396 F.3d at 1255 ("But plaintiffs allege no prior threats against them or any characteristics indicating an especially high probability of enforcement against them."); see also Navegar, 103 F.3d at 1001 ("[N]othing . . . indicates any special priority placed upon preventing these parties from engaging in specified conduct.").

Since plaintiff has failed to allege facts indicating an actual or imminent injury, he lacks standing to sue and the Court therefore lacks subject matter jurisdiction over the claims against the federal defendants. The Court will therefore grant the federal defendants' motion to dismiss, and defendants Obama and Holder will be dismissed from this case. Plaintiff's motion for a preliminary injunction enjoining the federal government from enforcing the CSA has thereby been rendered moot and will be denied.

### III.  MOTION FOR PRELIMINARY INJUNCTION AGAINST DISTRICT DEFENDANTS

Plaintiff seeks a preliminary injunction restraining the District defendants from requiring applicants to the medical marijuana program to sign the acknowledgment and attestation. He contends that the District defendants violate his Fifth Amendment right against self-incrimination by requiring that he acknowledge under oath that "[g]rowing, distributing, and possessing marijuana in any capacity . . . is a violation of federal laws" and that the "law authorizing the District's medical marijuana program will not excuse any registrant from any

violation of the federal laws governing marijuana'" Pl.'s Second Mot. and Declr. for Prelim. Inj. at 2. Plaintiff argues that this requirement violates his privilege against self-incrimination because by making that statement he "waive[s] (i) [any claim that] there has been a repeal by implication of the federal Controlled Substances Act [or] (ii) . . . an affirmative defense of entrapment." Id. at 4.

A preliminary injunction is an extraordinary remedy, one that should be granted only when the moving party, by a clear showing, carries the burden of persuasion. See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997); see also Munaf v. Geren, 553 U.S. 674, 689-90 (2008). To obtain a preliminary injunction, the moving party must demonstrate (1) that it would suffer irreparable harm without injunctive relief, (2) that it has a substantial likelihood of success on the merits, (3) that an injunction would not substantially harm the non-moving or other interested parties, and (4) that issuance of the injunction is in the public interest. See Chaplaincy of Full Gospel Churches v. England, 454 F.3d 290, 297 (D.C. Cir. 2006); Cobell v. Norton, 391 F.3d 251, 258 (D.C. Cir. 2004).

In a Memorandum Opinion and Order entered on September 16, 2011 [Docket Entry 35], the Court denied plaintiff's motion to temporarily restrain the District defendants from requiring him to execute an affidavit acknowledging the federal criminal laws regarding marijuana. As the Court explained at that time: "Because plaintiff has not identified how acknowledging the content of federal law is self-incriminating, or how he is being compelled to make a statement, plaintiff fails to establish a substantial likelihood of success on the merits of his claim." Mem. Op. and Order at 1-2. Plaintiff's argument has not changed since then. Therefore, plaintiff, for the same reasons articulated in the September 16, 2011 Memorandum Opinion and Order, has

failed to establish a substantial likelihood of success on the merits of his claim.  Accordingly, the Court will deny plaintiff's motion for a preliminary injunction against the District defendants.

### III.  MOTIONS REGARDING ASSIGNMENT OF THE COURT TO THIS MATTER

Plaintiff has filed two motions regarding the assignment of a judge of this Court to this matter.

First, plaintiff filed a motion for random reassignment of this matter to another judge. Plaintiff argues that Local Civil Rule 40.5(a)(3), which states that "a case filed by a pro se litigant with a prior case pending shall be deemed related and assigned to the judge having the earliest case," discriminates against pro se litigants in violation of plaintiff's "due process and equal protection guarantees."  Pl.'s Mot. for Random Reassignment [Docket Entry 6] at 2.  The earliest of the plaintiff's cases was assigned to this judge at random, and the subsequent assignment of plaintiff's cases to the same judge does not violate plaintiff's constitutional rights. The Court will deny this motion.

Second, plaintiff filed a motion to disqualify the Honorable John D. Bates from further involvement in this matter.  Plaintiff argues that defendants' motion for extension of time to file opposition to motion for preliminary injunction [Docket Entry 12] was filed without a certificate of service to him, and that the Court's subsequent granting of this motion suggests "the probability of unfairness" in subsequent proceedings.  Under 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The action cited by plaintiff does not suggest that the Court's impartiality might reasonably be questioned.  The Court will therefore deny this motion.

### IV.  MOTIONS REGARDING CLERK OF THE COURT

Plaintiff has filed three motions regarding the Clerk of the Court.

First, plaintiff has filed a motion for an order directing the Clerk to provide a password for the Court's CM/ECF system.  Plaintiff has provided no good reason to do so, and hence the Court will not overturn the judgment of the Clerk's office on this matter.  The Court will deny this motion.

Second, plaintiff has filed a motion for an order directing the Clerk to correct Docket Entry 5 to indicate that plaintiff also filed service on the U.S. Attorney for the District of Columbia and that plaintiff simultaneously filed a motion for preliminary injunction and request for a hearing.  Both these items appear elsewhere on the docket; the motion for a preliminary injunction appears at Docket Entry 3 and the notification of service on the U.S. Attorney appears at Docket Entry 7.  Therefore, the Court will deny this motion.

Third, plaintiff has filed a motion for an order directing the Clerk to correct Docket Entry 36 to reflect that plaintiff's reply to the District defendants' opposition to plaintiff's motion for a temporary restraining order was filed on September 16, 2011, rather than September 19, 2011, as the docket currently indicates.  Plaintiff included a copy of the date-stamped document with his motion.  The Court will grant this motion, and the Clerk will be directed to make that correction.

## V.  CONCLUSION

For the reasons explained above, the Court will deny plaintiff's motions, with the exception of plaintiff's motion for an order directing the Clerk to correct Docket Entry 36, which the Court will grant. The Court will also grant the federal defendant's motion to dismiss, and defendants Obama and Holder will be dismissed from this case.  The District defendant's motion to dismiss remains pending before the Court.  A separate order has been issued on this date.

/s/
_____

JOHN D. BATES

United States District Judge

Dated: <u>October 21, 2011</u>