UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MONTGOMERY BLAIR SIBLEY,

    Plaintiff,

        v.

BARACK OBAMA, et al.,

    Defendants.

Civil Action No. 11-919 (JDB)

## MEMORANDUM OPINION AND ORDER

Plaintiff is a prospective participant in the District of Columbia's nascent medical marijuana program. Plaintiff asserts a claim against defendants Vincent Gray, the Mayor of the District of Columbia, and the District's Department of Health (collectively, "the District" or "the District defendants"). The Court has previously denied plaintiff's motions for a temporary restraining order and a preliminary injunction restraining the District from requiring applicants to the medical marijuana program to sign an acknowledgment and attestation of federal laws governing marijuana. Plaintiff also asserted claims against defendants President Barack Obama and Attorney General Eric H. Holder, Jr. (collectively, the "federal defendants") regarding President Obama's campaign statements addressing the treatment of medical marijuana by his administration and the Department of Justice's criminal prosecution of medical marijuana distributors. The Court previously dismissed these claims for lack of standing.

Now before the Court are motions filed by both plaintiff and the District defendants. The District has filed a motion to dismiss the remaining claim, Count VII of plaintiff's amended complaint. Plaintiff has filed two motions for reconsideration and/or clarification of the

Memorandum Opinion and Order filed October 21, 2011 [Docket Entry 47]. For the reasons described below, the Court will grant the District defendant's motion to dismiss. The Court will also deny plaintiff's motions for reconsideration.

I. Background

The District of Columbia is in the process of starting a medical marijuana program. See D.C.Code § 7–1671.01, et seq. (2011); Emergency and Fourth Proposed Rulemaking to Implement the Legalization of Marijuana for Medical Treatment Initiative of 1999, Rule 22–C100, D.C. Reg. Vol. 58, No. 32 (Aug. 12, 2011). Plaintiff has "publicly expressed his intent . . . to become a licensed medical marijuana cultivator" and to operate a dispensary under that program. First Am. Compl. at 3. In order to become licensed to do so, District regulations require the plaintiff "to execute an affidavit" recognizing that "[g]rowing, distributing, and possessing marijuana in any capacity . . . is a violation of federal laws" and that the "law authorizing the District's medical marijuana program will not excuse any registrant from any violation of the federal laws governing marijuana." First Am. Compl., Ex. E.

II. Motion to Dismiss

The District defendants have filed a motion to dismiss, arguing, among other things, that the plaintiff's claim against them is now moot. The Court will grant this motion, as the claim against the District has been rendered moot by the plaintiff's subsequent actions.

Before reaching the merits of a plaintiff's claim, this Court must first establish that it has jurisdiction over the matter. Article III of the Constitution requires that the court review only "cases and controversies." See DeFunis v. Odengaard, 416 U.S. 312, 316 (1974); North Carolina v. Rice, 404 U.S. 244, 246 (1971). When a decision on a matter is merely advisory, and if a

decision "cannot affect the rights of litigants in the case before [the court]," a case is moot and cannot be heard. Rice, 404 U.S. at 246.

Here, plaintiff has brought suit against defendants involved in administering the District's medical marijuana program. He seeks declaratory relief on the grounds that by complying with the District's rules and signing the affidavit in question, he would "expose [himself] to a real and appreciable risk of self-incrimination." First Am. Compl. at 18. However, after his motions for a temporary restraining order and a preliminary injunction were denied, plaintiff signed the affidavit in question and applied to the program. See Defs.'s Supplement to their Submission in Opp'n to Pl.'s Second Mot. for a Prelim. Inj., Ex. 1 [Docket Entry 41]. According to the federal defendants, plaintiff was also recently denied the license. See Notice to the Court [Docket Entry 52] at 2. A ruling on whether the affidavit causes plaintiff to incriminate himself would have no effect at this point, as he has already signed the affidavit. No action he might yet take would be affected by a ruling of this Court on this issue.

It might be suggested that this case presents a situation that is "capable of repetition, yet evading review," and as such can be heard despite the lack of a current controversy. See S. Pac. Terminal Co. v. ICC, 219 U.S. 498, 515 (1911); Roe v. Wade, 410 U.S. 113, 125 (1973). While plaintiff may choose to apply for distribution and cultivation permits again, thus making these circumstances "capable of repetition," there is no reason to believe that they would evade review in a future dispute. If plaintiff is presented with a similar affidavit in the future, he may challenge it at that juncture.

Because any decision of this court would not change the outcome of a case or controversy, plaintiff's claim against the District defendants is moot. Therefore, the Court will grant the District's motion to dismiss.

III.  Motions for Reconsideration

Plaintiff has filed two motions for reconsideration and/or clarification of the Court's October 21, 2011 Order [Docket Entry 46] and accompanying Memorandum Opinion [Docket Entry 47] granting the federal defendants' motion to dismiss and denying plaintiff's motion for a preliminary injunction against the District defendants.

Although there is no Federal Rule of Civil Procedure that expressly addresses motions for reconsideration, see Lance v. United Mine Workers of Am. 1974 Pension Trust, 400 F. Supp. 2d 29, 31 (D.D.C. 2005), because the Court's opinion did not fully adjudicate all of plaintiff's claims, his motion is properly characterized as a motion pursuant to Rule 54(b). See Fed. R. Civ. P. 54(b) (where court resolves "fewer than all the claims," it may revise "its opinion at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). "The Court has broad discretion to hear a motion for reconsideration brought under Rule 54(b)," Isse v. Am. Univ., 544 F. Supp. 2d 25, 29 (D.D.C. 2008), and reconsideration is appropriate "as justice requires." Cobell v. Norton, 355 F.Supp.2d 531, 540 (D.D.C. 2005). "Considerations a court may take into account under the 'as justice requires' standard include whether the court 'patently' misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred." Williams v. Johanns, 555 F. Supp. 2d 162, 164 (D.D.C. 2008). Review under Rule 54(b) "amounts to determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances." Cobell, 355 F. Supp. 2d at 540.

In plaintiff's first motion for reconsideration, he alleges that the Court failed to follow a controlling decision. Plaintiff alleges that the Court ignored Babbit v. United Farm Workers

Nat'l Union, 442 U.S. 289 (1979), and claims that this precedent requires plaintiff to plead only that prosecution under the statute he challenges is "remotely possible." However, Babbit must be read in light of later precedent from this Circuit. See Seegars v. Gonzales, 396 F.3d 1248 (D.C. Cir. 2005); Navegar, Inc. v. United States, 103 F.3d 994 (D.C. Cir. 1997). Because plaintiff presented a "non-First Amendment challenge to a criminal statute that has not reached the court through agency proceedings," Seegars, 396 F.3d at 1254, this Court correctly applied the analysis framed in Navegar. Therefore, the Court will deny this motion.[1]

In plaintiff's second motion for reconsideration, he claims he has new evidence that could cure his defect of standing. Plaintiff states that after this Court filed its October 21, 2011 opinion he received notice from his bank terminating the checking account of his company, the Medicinal Marijuana Company of America. Plaintiff suggests that this account was closed due to Drug Enforcement Administration pressure on banks not to do business with medical marijuana companies. But this alleged injury, while related to plaintiff's pursuit of a license to distribute marijuana, is not related to the prosecution his complaint suggested might occur in this case. The evidence also does not show that his account was closed pursuant to any federal statute. Furthermore, plaintiff has not shown that the federal or District defendants had any role in his bank's decision to close his account. Navegar requires that a plaintiff show he "faces a threat of prosecution under the statute which is credible and immediate, not merely abstract or speculative." Navegar, 103 F.3d at 998. This action by his bank does not increase the threat that

---

[1] To the extent that plaintiff's other claims implicate his prospective participation in the D.C. Medical Marijuana Act, they may have also been rendered moot. According to the federal defendants, plaintiff's company was not selected for the cultivation or distribution program. See Notice to the Court at 2. Plaintiff's claims against the federal defendants concerning his possible prosecution could not come to pass if he has been refused a license to operate a cultivation center and dispensary.

plaintiff will be prosecuted under the statute he challenges. The Court will therefore deny this motion.

IV.  Conclusion

Accordingly, it is hereby

**ORDERED** that plaintiff's motion for reconsideration [Docket Entry 48] is **DENIED**; it is further

**ORDERED** that plaintiff's second motion for reconsideration [Docket Entry 49] is **DENIED**; it is further

**ORDERED** that defendants Gray and the Department of Health's motion to dismiss plaintiff's amended complaint [Docket Entry 37] is **GRANTED** and defendants Gray and the Department of Health are dismissed from this case. Each of the claims in plaintiff's complaint has now been dismissed.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: February 2, 2012